IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>WILL H. QUICK,<br><br>                Defendant. | 4:14-CR-3084<br><br>PRELIMINARY ORDER OF FORFEITURE |

      This matter is before the Court on the plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 42). Count II of the indictment in this case (filing 1) charged the defendant with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The indictment also contained a forfeiture allegation seeking the forfeiture, pursuant to 18 U.S.C. § 2253, of the following properties (the "subject properties"), on the basis that they were used or were intended to be used to facilitate the violation alleged in Count II:

      1.      iOmega 2TB external hard drive/silver sn#NVA0420BAB
      2.      iOmega 1TB external hard drive/silver sn#MAA0203087
      3.      Black Toshiba 2TB external hard drive sn#5P0KDUNW
      4.      Black Emachine desktop computer ET 1331G-05W sn#PTNBA020024121A4FA2700
      5.      Silver Dell XPS desktop computer service tag #HB4ZGF1
      6.      Vizio television/monitor model #VW32L sn#LSPATBH4027943
      7.      Samsung television model #PN58C680G5F sn#Z2IN3CKZ900089P

      Filing 1.
      The defendant has pleaded guilty to Count II of the indictment and admitted the forfeiture allegation. Filing 29; filing 33 at 18–19. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, the defendant has forfeited his interest in the subject properties, and the plaintiff should be entitled to possession of the properties pursuant to 18 U.S.C. § 2253. Therefore, the plaintiff's motion for preliminary order of forfeiture is granted.

      IT IS ORDERED:

      1.      The plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 42) is granted.

      2.      Based upon the defendant's guilty plea and admission of the forfeiture allegation of the indictment, the plaintiff is authorized to seize the subject properties described above.

3. The defendant's interests in the subject properties are forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 18 U.S.C. § 2253 (incorporating certain provisions of 21 U.S.C. § 853).

4. The subject properties are to be held by the plaintiff in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the properties must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the properties and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 5th day of February, 2015.

BY THE COURT:

_____
John M. Gerrard
United States District Judge